UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - x
                :

UNITED STATES OF AMERICA       :       SUPERSEDING
                  :       <u>INFORMATION</u>
      - v. -          :
                  :       S1 04 Cr. 384
NELSON AUGUSTIN MARTINEZ COMANDARI,  :
                  :
      Defendant.      :
                  :

- - - - - - - - - - - - - - - - - x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/27/08

<u>COUNT ONE</u>

The United States Attorney charges:

<u>THE ENTERPRISE</u>

1.    From in or about August 1995, through in or about February 2005, in El Salvador, the Central District of California, and elsewhere, NELSON AUGUSTIN MARTINEZ COMANDARI, the defendant, together with others known and unknown, were members and associates of the MARA SALVATRUCHA, otherwise known as MS-13 (hereinafter "MS-13"), a criminal organization whose members and associates engaged in numerous acts of violence and other crimes, including murder, conspiracy to commit murder, narcotics trafficking, obstruction of justice, and witness tampering.

2.    MS-13, including its leadership, membership, and associates, constituted an "enterprise," as defined in Title 18, United States Code, Section 1961(4), that is, a group of individuals associated in fact, although not a legal entity, which

was engaged in, and the activities of which affected, interstate and foreign commerce.

3.   MS-13 operated in El Salvador, Los Angeles, California, and elsewhere within and outside of the United States, and constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the enterprise.

4.   At all times relevant to this Superseding Information, NELSON AUGUSTIN MARTINEZ COMANDARI, the defendant, was a member of MS-13 and participated in the operation, organization, and leadership of MS-13.

5.   In the 1980s, MS-13 was formed in Los Angeles, California, by immigrants fleeing the civil war in El Salvador. The term "Mara" originated from the name of a vicious South American killer ant that attacked in swarms and developed into a slang term for "gang." The term "Salvatrucha" combined two phrases: "Salva" referred to El Salvador and "trucha" was slang for "alert," "vigilant" or "at the ready." The number "13" represented the letter "M," the 13th letter in the alphabet, and MS-13's association with the Mexican Mafia, commonly referred to as the "EME" (in English: the "M"), a criminal organization that operated within the prison system and exercised control over the street gangs of Southern California. As members of MS-13 returned

to El Salvador or traveled to other locations in the United States and abroad, MS-13 spread.

6.   At all times relevant to this Superseding Information, MS-13 operated as a national and international criminal organization, with approximately 8,000 to 10,000 members regularly conducting gang activities in at least ten states and Washington, D.C., and with thousands more in Central America and Mexico.   MS-13 is considered one of the largest and most violent gangs in the world.

7.   MS-13 operated through groups of individuals known as "cliques."   Cliques were primarily named after geographical areas or streets where they originated.   When a clique member moved to another country or state, the member typically joined an existing clique or established a new clique in that area.   MS-13 added new members through an initiation process referred to as being "jumped in" or "beat in," during which several existing gang members beat up a prospective member for approximately 13 seconds. Participation in criminal activity by a member, particularly violent acts directed by the gang leadership or in the presence of other gang members, increased the respect accorded that member, and resulted in that member maintaining or increasing his position in MS-13.

8.    Each clique had one or more leaders, typically referred to as "runners," "primera palabra/secunda palabra" (i.e., first and second in command), "shot-callers," and/or "llaveros" (i.e., key holders).  A leader of a clique was responsible for, among other things, directing the day-to-day management of the clique, enforcing MS-13's rules, and resolving disputes among members.  The leaders of different cliques also met to collaborate in achieving their common criminal purposes and to resolve disputes among cliques.

9.    In Los Angeles, California, MS-13's representative to the Mexican Mafia (the "EME") was responsible for organizing and conducting meetings among MS-13 leaders on a regular basis.  This MS-13 leader also worked as a "soldier" for the Mexican Mafia and was responsible for, among other things, setting policies to manage and discipline MS-13 members and associates; resolving disputes among MS-13 cliques and members; organizing MS-13 cliques to generate money through, among other things, narcotics trafficking; providing support to, and requesting assistance from, MS-13 leaders in El Salvador; and ensuring that MS-13 and other gangs paid "tribute" -- that is, money from their illegal earnings -- to an EME member.

10.    Starting in or about early 2000, NELSON AUGUSTIN MARTINEZ COMANDARI, the defendant, was the leader of MS-13 in Los Angeles, California, and MS-13's representative to the EME.  As

4

such, NELSON AUGUSTIN MARTINEZ COMANDARI, the defendant, controlled and influenced the conduct of MS-13 members in the United States and Central America.

11.   MS-13 members were aided in their criminal endeavors by other trusted individuals, referred to herein as "associates," who participated in the various activities of the cliques and its members.

## PURPOSES OF THE ENTERPRISE

12.   The purposes of the enterprise included, but are not limited to, the following:

a.   Enriching the members and associates of the enterprise through, among other things, the distribution of controlled substances, including heroin, crack cocaine, cocaine, crystal methamphetamine, and marijuana;

b.   Preserving and protecting the power, territory, and profits of the enterprise, its members and associates, through threats of violence and use of violence, including assault and murder;

c.   Promoting and enhancing the enterprise and the activities of its members and associates;

d.   Providing assistance and protection to other members of the enterprise, including by intimidating and murdering potential witnesses against members of the enterprise.

## THE MEANS AND METHODS OF THE ENTERPRISE

13.   Among the means and methods by which the defendant and other members and associates of the enterprise conducted and participated in the conduct of the affairs of the enterprise were the following:

a.   Members and associates of the enterprise conspired to commit, committed, and attempted to commit acts of violence, including murder, to protect and expand the enterprise's criminal operations;

b.   Members and associates of the enterprise acquired, possessed, carried, and used deadly weapons, including firearms, in the course of the enterprise's criminal activities;

c.   Members and associates of the enterprise promoted a climate of fear in the community through threats of harm and violence;

d.   Members and associates of the enterprise participated in narcotics trafficking, including the purchase and sale of heroin, crack cocaine, cocaine, crystal methamphetamine, and marijuana;

e.   Members and associates of the enterprise used various techniques to avoid law enforcement scrutiny of the enterprise's criminal activities and to evade and frustrate law enforcement, such as the use of coded language to discuss criminal activities and other counter-surveillance techniques;

6

   f. Members and associates of the enterprise frustrated investigations of their criminal conduct by, among other things, attempting to destroy evidence and intimidating witnesses through threats of violence and actual violence, including assault and murder.

### The Racketeering Violation

   14. From in or about August 1995 up to and including in or about February 2005, in El Salvador, the Central District of California, and elsewhere, NELSON AUGUSTIN MARTINEZ COMANDARI, the defendant, and others known and unknown, being persons employed by and associated with the enterprise described above, namely, MS-13, which enterprise was engaged in, and the activities of which affected, interstate and foreign commerce, unlawfully, willfully, and knowingly conducted and participated, directly and indirectly, in the conduct of the affairs of that enterprise through a pattern of racketeering activity, which pattern is set forth more fully below through the commission of the following acts of racketeering:

## THE PATTERN OF RACKETEERING ACTIVITY

15.   The pattern of racketeering activity, as defined in Title 18, United States Code, Sections 1961(1) and 1961(5), consisted of the following acts:

**Racketeering Act One:**

16.   NELSON AUGUSTIN MARTINEZ COMANDARI, the defendant, committed the following acts involving murder, either one of which constitutes the commission of Racketeering Act One:

a.   Conspiracy to Murder
Jose Arnoldo Ayala, a/k/a "Loco"

From on or about October 24, 2000, through on or about March 18, 2001, in the Central District of California and elsewhere, NELSON AUGUSTIN MARTINEZ COMANDARI, the defendant, and others known and unknown, unlawfully, willfully, and knowingly combined, conspired, confederated, and agreed together and with each other to kill with malice aforethought Jose Arnoldo Ayala, a/k/a "Loco," and a co-conspirator committed an overt act in furtherance of the conspiracy, in violation of California Penal Code Sections 182, 187, and 189.

b.   Murder of Jose Arnoldo Ayala, a/k/a "Loco"

On or about March 18, 2001, in the Central District of California, NELSON AUGUSTIN MARTINEZ COMANDARI, the defendant, and others known and unknown, unlawfully, willfully, deliberately, and knowingly, did kill with premeditation and malice aforethought, and did aid, abet, advise, encourage, and otherwise willfully

8

participate in the killing with malice aforethought, of Jose Arnoldo Ayala, a/k/a "Loco," in violation of California Penal Code Sections 31, 187, and 189.

### Racketeering Act Two:

17.   NELSON AUGUSTIN MARTINEZ COMANDARI, the defendant, committed the following acts involving murder, either one of which constitutes the commission of Racketeering Act Two:

a.    <u>Conspiracy to Murder Tomas Caballero</u>

In or about September 2003, in the Central District of California, NELSON AUGUSTIN MARTINEZ COMANDARI, the defendant, and others known and unknown, unlawfully, willfully, and knowingly combined, conspired, confederated, and agreed together and with each other to kill with malice aforethought Tomas Caballero, and a co-conspirator committed an overt act in furtherance of the conspiracy, in violation of California Penal Code Sections 182, 187, and 189.

b.    <u>Murder of Tomas Caballero</u>

On or about September 1, 2003, in the Central District of California, NELSON AUGUSTIN MARTINEZ COMANDARI, the defendant, and others known and unknown, unlawfully, willfully, deliberately, and knowingly, did kill with premeditation and malice aforethought, and did aid, abet, advise, encourage, and otherwise willfully participate in the killing with malice aforethought, of Tomas Caballero, in violation of California Penal Code Sections 31, 187, and 189.

**Racketeering Act Three:**

18.   NELSON AUGUSTIN MARTINEZ COMANDARI, the defendant, committed the following acts involving murder, either one of which constitutes the commission of Racketeering Act Three:

a.   Conspiracy to Murder
     Jose Francisco Moran, a/k/a "Flaco"

From on or about January 26, 2000, through on or about September 2, 2000, in the Central District of California and El Salvador, NELSON AUGUSTIN MARTINEZ COMANDARI, the defendant, and others known and unknown, unlawfully, willfully, and knowingly combined, conspired, confederated, and agreed together and with each other to kill with malice aforethought Jose Francisco Moran, a/k/a "Flaco," and a co-conspirator committed an overt act in furtherance of the conspiracy, in violation of California Penal Code Sections 182, 187, and 189.

b.   Murder of Jose Francisco Moran, a/k/a "Flaco"

On or about September 2, 2000, in the Central District of California and El Salvador, NELSON AUGUSTIN MARTINEZ COMANDARI, the defendant, and others known and unknown, unlawfully, willfully, deliberately, and knowingly, did kill with premeditation and malice aforethought, and did aid, abet, advise, encourage, and otherwise willfully participate in the killing with malice aforethought, of Jose Francisco Moran, a/k/a "Flaco," in violation of California Penal Code Sections 31, 187, and 189.

**Racketeering Act Four:**

19.   NELSON AUGUSTIN MARTINEZ COMANDARI, the defendant, committed the following acts involving murder, either one of which constitutes the commission of Racketeering Act Four:

        a.   Conspiracy to Murder
            Reny Alexander Lara, a/k/a "Triste"

From in or about October 1999 through on or about November 9, 2000, in the Central District of California, NELSON AUGUSTIN MARTINEZ COMANDARI, the defendant, and others known and unknown, unlawfully, willfully, and knowingly combined, conspired, confederated, and agreed together and with each other to kill with malice aforethought Reny Alexander Lara, a/k/a "Triste," and a co-conspirator committed an overt act in furtherance of the conspiracy, in violation of California Penal Code Sections 182, 187, and 189.

        b.   Murder of Reny Alexander Lara, a/k/a "Triste"

On or about November 9, 2000, in the Central District of California, NELSON AUGUSTIN MARTINEZ COMANDARI, the defendant, and others known and unknown, unlawfully, willfully, deliberately, and knowingly, did kill with premeditation and malice aforethought, and did aid, abet, advise, encourage, and otherwise willfully participate in the killing with malice aforethought, of Reny Alexander Lara, a/k/a "Triste," in violation of California Penal Code Sections 31, 187, and 189.

**Racketeering Act Five:**

20.   NELSON AUGUSTIN MARTINEZ COMANDARI, the defendant, committed the following acts involving murder, either one of which constitutes the commission of Racketeering Act Five:

a.   Conspiracy to Murder
       Alma Veronica Orellana Rodriguez

From at least in or about March 2001, through on or about August 25, 2001, in the Central District of California and El Salvador, NELSON AUGUSTIN MARTINEZ COMANDARI, the defendant, and others known and unknown, unlawfully, willfully, and knowingly combined, conspired, confederated, and agreed together and with each other to kill with malice aforethought Alma Veronica Orellana Rodriguez, and a co-conspirator committed an overt act in furtherance of the conspiracy, in violation of California Penal Code Sections 182, 187, 189.

b.   Murder of Alma Veronica Orellana Rodriguez

On or about August 25, 2001, in the Central District of California and El Salvador, NELSON AUGUSTIN MARTINEZ COMANDARI, the defendant, and others known and unknown, unlawfully, willfully, deliberately, and knowingly, did kill with premeditation and malice aforethought, and did aid, abet, advise, encourage, and otherwise willfully participate in the killing with malice aforethought, of Alma Veronica Orellana Rodriguez, in violation of California Penal Code Sections 31, 187, and 189.

**Racketeering Act Six:**

21.   NELSON AUGUSTIN MARTINEZ COMANDARI, the defendant, committed the following acts involving murder, either one of which constitutes the commission of Racketeering Act Six:

      a.   <u>Conspiracy to Murder Aileen Alvarez, a/k/a "La Nena"</u>

In or about August 2002, in the Central District of California, NELSON AUGUSTIN MARTINEZ COMANDARI, the defendant, and others known and unknown, unlawfully, willfully, and knowingly combined, conspired, confederated, and agreed together and with each other to kill with malice aforethought Aileen Alvarez, a/k/a "La Nena," and a co-conspirator committed an overt act in furtherance of the conspiracy, in violation of California Penal Code Sections 182, 187, and 189.

      b.   <u>Murder of Aileen Alvarez, a/k/a "La Nena"</u>

On or about August 19, 2002, in the Central District of California, NELSON AUGUSTIN MARTINEZ COMANDARI, the defendant, and others known and unknown, unlawfully, willfully, deliberately, and knowingly, did kill with premeditation and malice aforethought, and did aid, abet, advise, encourage, and otherwise willfully participate in the killing with malice aforethought, of Aileen Alvarez, a/k/a "La Nena," in violation of California Penal Code Sections 31, 187, and 189.

**Racketeering Act Seven:**

22.   NELSON AUGUSTIN MARTINEZ COMANDARI, the defendant, committed the following acts involving murder, either one of which constitutes the commission of Racketeering Act Seven:

a.    Conspiracy to Murder Erick Amaya Flores, a/k/a
      "Moreno," and Ileana Lara, a/k/a "Mousey"

From in or about late 2002, through on or about January 22, 2003, in the Central District of California and elsewhere, NELSON AUGUSTIN MARTINEZ COMANDARI, the defendant, and others known and unknown, unlawfully, willfully, and knowingly combined, conspired, confederated, and agreed together and with each other to kill with malice aforethought Erick Amaya Flores, a/k/a "Moreno," and Ileana Lara, a/k/a "Mousey," and a co-conspirator committed an overt act in furtherance of the conspiracy, in violation of California Penal Code Sections 182, 187, and 189.

b.    Murder of Erick Amaya Flores, a/k/a "Moreno"
      and Ileana Lara, a/k/a "Mousey"

On or about January 22, 2003, in the Central District of California and elsewhere, NELSON AUGUSTIN MARTINEZ COMANDARI, the defendant, and others known and unknown, unlawfully, willfully, deliberately, and knowingly, did kill with premeditation and malice aforethought, and did aid, abet, advise, encourage, and otherwise willfully participate in the killing with malice aforethought, of Erick Amaya Flores, a/k/a "Moreno," and Ileana Lara, a/k/a

14

"Mousey," in violation of California Penal Code Sections 31, 187, and 189.

**Racketeering Act Eight:**

23.   NELSON AUGUSTIN MARTINEZ COMANDARI, the defendant, committed the following acts involving murder, either one of which constitutes the commission of Racketeering Act Eight:

a.   Conspiracy to Murder
Marvin Alexander Rodriguez, a/k/a "Sleepy"

From in or about December 2002, through on or about February 10, 2003, in El Salvador and the Central District of California, NELSON AUGUSTIN MARTINEZ COMANDARI, the defendant, and others known and unknown, unlawfully, willfully, and knowingly combined, conspired, confederated, and agreed together and with each other to kill with malice aforethought Marvin Alexander Rodriguez, a/k/a "Sleepy," and a co-conspirator committed an overt act in furtherance of the conspiracy, in violation of California Penal Code Sections 182, 187, and 189.

b.   Murder of
Marvin Alexander Rodriguez, a/k/a "Sleepy"

On or about February 10, 2003, in El Salvador and the Central District of California, NELSON AUGUSTIN MARTINEZ COMANDARI, the defendant, and others known and unknown, unlawfully, willfully, deliberately, and knowingly, did kill with premeditation and malice aforethought, and did aid, abet, advise, encourage, and otherwise willfully participate in the killing with malice aforethought, of

15

Marvin Alexander Rodriguez, a/k/a "Sleepy," in violation of California Penal Code Sections 31, 187, and 189.

**Racketeering Act Nine:**

24.   NELSON AUGUSTIN MARTINEZ COMANDARI, the defendant, committed the following act involving murder, which constitutes the commission of Racketeering Act Nine:

a.   Conspiracy to Murder
Carlos Carcamo, a/k/a "Tiny"

From in or about November 1999, through in or about December 1999, in the Central District of California, NELSON AUGUSTIN MARTINEZ COMANDARI, the defendant, and others known and unknown, unlawfully, willfully, and knowingly combined, conspired, confederated, and agreed together and with each other to kill with malice aforethought Carlos Carcamo, a/k/a "Tiny," and a co-conspirator committed an overt act in furtherance of the conspiracy, in violation of California Penal Code Sections 182, 187, and 189.

**Racketeering Act Ten:**

25.   NELSON AUGUSTIN MARTINEZ COMANDARI, the defendant, committed the following act involving murder, which constitutes the

16

commission of Racketeering Act Ten:

       a.    Conspiracy to Murder Eric Gaitan Morales, a/k/a "Nescio," Robert Morales, a/k/a "Casper," Juan Carlos Celaya, a/k/a "Maldito," Jose Rigoberto Mejia Cruz, a/k/a "Green Eyes," and other <u>members of MS-13's Coronado Clique</u>

From in or about August 1999, through at least in or about February 2005, in the Central District of California and elsewhere, NELSON AUGUSTIN MARTINEZ COMANDARI, the defendant, and others known and unknown, unlawfully, willfully, and knowingly combined, conspired, confederated, and agreed together and with each other to kill with malice aforethought members of the Coronado clique of MS-13, including, but not limited to, Eric Gaitan Morales, a/k/a "Nescio," Robert Morales, a/k/a "Casper," Juan Carlos Celaya, a/k/a "Maldito," and Jose Rigoberto Mejia Cruz, a/k/a "Green Eyes," and a co-conspirator committed an overt act in furtherance of the conspiracy, in violation of California Penal Code Sections 182, 187, and 189.

**Racketeering Act Eleven:**

26.  NELSON AUGUSTIN MARTINEZ COMANDARI, the defendant, committed the following act involving murder, which constitutes the commission of Racketeering Act Eleven:

       a.    Conspiracy to Murder <u>Guadalupe Arias Quintanilla, a/k/a "Lupe"</u>

From in or about January 2000 through in or about December 2001, in the Central District of California, NELSON AUGUSTIN MARTINEZ COMANDARI, the defendant, and others known and

unknown, unlawfully, willfully, and knowingly combined, conspired, confederated, and agreed together and with each other to kill with malice aforethought Guadalupe Arias Quintanilla, a/k/a "Lupe," and a co-conspirator committed an overt act in furtherance of the conspiracy, in violation of California Penal Code Sections 182, 187, and 189.

**Racketeering Act Twelve:**

27.   NELSON AUGUSTIN MARTINEZ COMANDARI, the defendant, committed the following act involving murder, which constitutes the commission of Racketeering Act Twelve:

a.   Conspiracy to Murder
Gina Gonzalez and Angelica Gonzalez

From on or about May 2, 2001, through in or about October 2002, in the Central District of California, NELSON AUGUSTIN MARTINEZ COMANDARI, the defendant, and others known and unknown, unlawfully, willfully, and knowingly combined, conspired, confederated, and agreed together and with each other to kill with malice aforethought Gina Gonzalez and Angelica Gonzalez, and a co-conspirator committed an overt act in furtherance of the conspiracy, in violation of California Penal Code Sections 182, 187, and 189.

**Racketeering Act Thirteen:**

28.   NELSON AUGUSTIN MARTINEZ COMANDARI, the defendant, committed the following act involving murder, which constitutes the commission of Racketeering Act Thirteen:

      a.    Conspiracy to Murder
           Jose Calderon Villanueva, a/k/a "Buddha"

From on or about May 2, 2001, through in or about February 2005, in the Central District of California, NELSON AUGUSTIN MARTINEZ COMANDARI, the defendant, and others known and unknown, unlawfully, willfully, and knowingly combined, conspired, confederated, and agreed together and with each other to kill with malice aforethought Jose Calderon Villanueva, a/k/a "Buddha," and a co-conspirator committed an overt act in furtherance of the conspiracy, in violation of California Penal Code Sections 182, 187, and 189.

**Racketeering Act Fourteen:**

29.   NELSON AUGUSTIN MARTINEZ COMANDARI, the defendant, committed the following act involving murder, which constitutes the commission of Racketeering Act Fourteen:

      a.    Conspiracy to Murder
           Juan Miguel Mancilla, a/k/a "Gato"

In or about December 2004, in the Central District of California, NELSON AUGUSTIN MARTINEZ COMANDARI, the defendant, and others known and unknown, unlawfully, willfully, and knowingly combined, conspired, confederated, and agreed together and with

each other to kill with malice aforethought Juan Miguel Mancilla, a/k/a "Gato," and a co-conspirator committed an overt act in furtherance of the conspiracy, in violation of California Penal Code Sections 182, 187, and 189.

**Racketeering Act Fifteen:**

30.   NELSON AUGUSTIN MARTINEZ COMANDARI, the defendant, committed the following acts involving narcotics trafficking, any one of which constitutes the commission of Racketeering Act Fifteen:

a.   <u>Conspiracy to Distribute Controlled Substances</u>

From in or about 1999 through in or about February 2005, in the Central District of California and elsewhere, NELSON AUGUSTIN MARTINEZ COMANDARI, the defendant, and others known and unknown, unlawfully, intentionally, and knowingly combined, conspired, confederated, and agreed together and with each other to violate the narcotics laws of the United States.

b.   It was a part and an object of this conspiracy that NELSON AUGUSTIN MARTINEZ COMANDARI, the defendant, and others known and unknown, would and did distribute and possess with intent to distribute a controlled substance, to wit, 50 grams and more of mixtures and substances containing a detectable amount of cocaine base, in a form commonly known as "crack," in violation of Title 21, United States Code, Sections 812, 841(a)(1), 841(b)(1)(A), and 846.

c.    It was further a part and an object of this conspiracy that NELSON AUGUSTIN MARTINEZ COMANDARI, the defendant, and others known and unknown, would and did distribute and possess with the intent to distribute a controlled substance, to wit, one kilogram and more of mixtures and substances containing a detectable amount of heroin, in violation of Title 21, United States Code, Sections 812, 841(a)(1), 841(b)(1)(A), and 846.

d.    It was further a part and an object of this conspiracy that NELSON AUGUSTIN MARTINEZ COMANDARI, the defendant, and others known and unknown, would and did distribute and possess with the intent to distribute a controlled substance, to wit, five kilograms and more of mixtures and substances containing a detectable amount of cocaine, in violation of Title 21, United States Code, Sections 812, 841(a)(1), 841(b)(1)(A), and 846.

e.    It was further a part and an object of this conspiracy that NELSON AUGUSTIN MARTINEZ COMANDARI, the defendant, and others known and unknown, would and did distribute and possess with the intent to distribute a controlled substance, to wit, 500 grams and more of mixtures and substances containing a detectable amount of methamphetamine, in violation of Title 21, United States Code, Sections 812, 841(a)(1), 841(b)(1)(A), and 846.

(Title 18, United States Code, Section 1962(c).)

21

## COUNT TWO

## THE RACKETEERING CONSPIRACY

The United States Attorney further charges:

31. Paragraphs 1 through 13 and 15 through 30 of Count One of this Superseding Information are realleged and incorporated by reference as though fully set forth herein.

32. From in or about August 1995, through in or about February 2005, in El Salvador, the Central District of California, and elsewhere, NELSON AUGUSTIN MARTINEZ COMANDARI, the defendant, and others known and unknown, being persons employed by and associated with the enterprise described above, namely, MS-13, which enterprise was engaged in, and the activities of which affected, interstate and foreign commerce, unlawfully, willfully, and knowingly combined, conspired, confederated, and agreed together and with each other to violate the racketeering laws of the United States, to wit, Section 1962(c) of Title 18, United States Code, that is, to conduct and participate, directly and indirectly, in the conduct of the affairs of that enterprise, which was engaged in, and the activities of which affected, interstate and foreign commerce, through a pattern of racketeering activity, as that term is defined in Title 18, United States Code, Sections 1961(1) and 1961(5), which pattern of racketeering acts are set forth more fully in Count One as Racketeering Acts One through Fifteen. It was a part of the conspiracy that the defendant and

22

others known and unknown agreed that a co-conspirator would commit at least two acts of racketeering in the conduct of the affairs of the enterprise.

(Title 18, United States Code, Section 1962(d).)

**COUNT THREE**

**(Murder in Aid of Racketeering)**

The United States Attorney further charges:

33. At all times relevant to this Superseding Information, as more fully described in Paragraphs 1 through 13 of Count One of this Superseding Information, which are realleged and incorporated by reference as though fully set forth herein, MS-13 constituted an enterprise, as defined in Title 18, United States Code, Section 1959(b)(2), that is, a group of individuals associated in fact which was engaged in, and the activities of which affected, interstate and foreign commerce. The enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the enterprise.

34. At all times relevant to this Superseding Information, the above-described enterprise, through its members and associates, engaged in racketeering activity as defined in Title 18, United States Code, Sections 1959(b)(1) and 1961(1), namely, acts involving murder in violation of California Penal Code Sections 31, 187, 189, and 182; conspiracy to possess with the

intent to distribute and to distribute controlled substances in violation of Title 21, United States Code, Sections 841 and 846; and multiple other acts indictable under Title 18 of the United States Code.

35.   On or about March 18, 2001, in the Central District of California, NELSON AUGUSTIN MARTINEZ COMANDARI, the defendant, and others known and unknown, for the purpose of maintaining and increasing their positions in MS-13, an enterprise engaged in racketeering activity, unlawfully and knowingly murdered Jose Arnoldo Ayala, a/k/a "Loco," in violation of California Penal Code Sections 31 and 187.

(Title 18, United States Code, Sections 1959(a)(1) and 2.)

## COUNT FOUR

### (Murder in Aid of Racketeering)

The United States Attorney further charges:

36.   The allegations contained in Paragraphs 33 and 34 of Count Three of this Superseding Information are realleged and incorporated by reference as though fully set forth herein.

37.   On or about September 1, 2003, in the Central District of California, NELSON AUGUSTIN MARTINEZ COMANDARI, the defendant, and others known and unknown, for the purpose of maintaining and increasing their positions in MS-13, an enterprise engaged in racketeering activity, unlawfully and knowingly murdered

Tomas Caballero, in violation of California Penal Code Sections 31 and 187.

(Title 18, United States Code, Sections 1959(a)(1) and 2.)

## COUNT FIVE

### (Murder in Aid of Racketeering)

The United States Attorney further charges:

38.   The allegations contained in Paragraphs 33 and 34 of Count Three of this Superseding Information are realleged and incorporated by reference as though fully set forth herein.

39.   On or about September 2, 2000, in the Central District of California and El Salvador, NELSON AUGUSTIN MARTINEZ COMANDARI, the defendant, and others known and unknown, for the purpose of maintaining and increasing their positions in MS-13, an enterprise engaged in racketeering activity, unlawfully and knowingly murdered Jose Francisco Moran, a/k/a "Flaco," in violation of California Penal Code Sections 31 and 187.

(Title 18, United States Code, Sections 1959(a)(1) and 2.)

## COUNT SIX

### (Murder in Aid of Racketeering)

The United States Attorney further charges:

40.   The allegations contained in Paragraphs 33 and 34 of Count Three of this Superseding Information are realleged and incorporated by reference as though fully set forth herein.

41.   On or about November 9, 2000, in the Central District of California, NELSON AUGUSTIN MARTINEZ COMANDARI, the defendant, and others known and unknown, for the purpose of maintaining and increasing their positions in MS-13, an enterprise engaged in racketeering activity, unlawfully and knowingly murdered Reny Alexander Lara, a/k/a "Triste," in violation of California Penal Code Sections 31 and 187.

(Title 18, United States Code, Sections 1959(a)(1) and 2.)

### COUNT SEVEN

### (Murder in Aid of Racketeering)

The United States Attorney further charges:

42.   The allegations contained in Paragraphs 33 and 34 of Count Three of this Superseding Information are realleged and incorporated by reference as though fully set forth herein.

43.   On or about August 25, 2001, in the Central District of California and El Salvador, NELSON AUGUSTIN MARTINEZ COMANDARI, the defendant, and others known and unknown, for the purpose of maintaining and increasing their positions in MS-13, an enterprise engaged in racketeering activity, unlawfully and knowingly murdered Alma Veronica Orellana Rodriguez, in violation of California Penal Code Sections 31 and 187.

(Title 18, United States Code, Sections 1959(a)(1) and 2.)

## COUNT EIGHT

### (Murder in Aid of Racketeering)

The United States Attorney further charges:

44.   The allegations contained in Paragraphs 33 and 34 of Count Three of this Superseding Information are realleged and incorporated by reference as though fully set forth herein.

45.   On or about August 19, 2002, in the Central District of California, NELSON AUGUSTIN MARTINEZ COMANDARI, the defendant, and others known and unknown, for the purpose of maintaining and increasing their positions in MS-13, an enterprise engaged in racketeering activity, unlawfully and knowingly murdered Aileen Alvarez, a/k/a "La Nena," in violation of California Penal Code Sections 31 and 187.

(Title 18, United States Code, Sections 1959(a)(1) and 2.)

## COUNT NINE

### (Murder in Aid of Racketeering)

The United States Attorney further charges:

46.   The allegations contained in Paragraphs 33 and 34 of Count Three of this Superseding Information are realleged and incorporated by reference as though fully set forth herein.

47.   On or about January 22, 2003, in the Central District of California, NELSON AUGUSTIN MARTINEZ COMANDARI, the defendant, and others known and unknown, for the purpose of maintaining and increasing their positions in MS-13, an enterprise

27

engaged in racketeering activity, unlawfully and knowingly murdered Erick Amaya Flores, a/k/a "Moreno," and Ileana Lara, a/k/a "Mousey," in violation of California Penal Code Sections 31 and 187.

(Title 18, United States Code, Sections 1959(a)(1) and 2.)

## COUNT TEN

### (Murder in Aid of Racketeering)

The United States Attorney further charges:

48.    The allegations contained in Paragraphs 33 and 34 of Count Three of this Superseding Information are realleged and incorporated by reference as though fully set forth herein.

49.    On or about February 10, 2003, in the Central District of California and El Salvador, NELSON AUGUSTIN MARTINEZ COMANDARI, the defendant, and others known and unknown, for the purpose of maintaining and increasing their positions in MS-13, an enterprise engaged in racketeering activity, unlawfully and knowingly murdered Marvin Alexander Rodriguez, a/k/a "Sleepy," in violation of California Penal Code Sections 31 and 187.

(Title 18, United States Code, Sections 1959(a)(1) and 2.)

## COUNT ELEVEN

### (Conspiracy to Murder)

The United States Attorney further charges:

50.    The allegations contained in Paragraphs 33 and 34 of Count Three of this Superseding Information are realleged and

incorporated by reference as though fully set forth herein.

51.   From at least in or about August 1999, through in or about February 2005, in the Central District of California and elsewhere, NELSON AUGUSTIN MARTINEZ COMANDARI, the defendant, together with others, for the purpose of maintaining and increasing their positions in MS-13, an enterprise engaged in racketeering activity, did conspire to murder Eric Gaitan Morales, a/k/a "Nescio," Robert Morales, a/k/a "Casper," Juan Carlos Celaya, a/k/a "Maldito," Jose Rigoberto Mejia Cruz, a/k/a "Green Eyes," and other members of the Coronado clique of MS-13, and a co-conspirator committed an overt act in furtherance of the conspiracy, in violation of California Penal Code Sections 182 and 187.

(Title 18, United States Code, Sections 1959(a)(5) and 2.)

## COUNT TWELVE

### (Discharge of a Firearm
### During and in Relation to a Crime of Violence)

The United States Attorney further charges:

52.   On or about September 1, 2003, in the Central District of California, NELSON AUGUSTIN MARTINEZ COMANDARI, the defendant, unlawfully, willfully, and knowingly, during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, namely, the murder of Tomas Caballero, charged in Racketeering Act Two of Count One and in Count Four of this Superseding Information, did use and carry a firearm, and, in

furtherance of such crime, did possess a firearm, to wit, a 9-mm
semi-automatic pistol, which NELSON AUGUSTIN MARTINEZ COMANDARI
discharged at Tomas Caballero.

(Title 18, United States Code, Sections 924(c)(1)(A)(iii) and 2.)

## COUNT THIRTEEN

### (Conspiracy to Distribute Narcotics)

The United States Attorney further charges:

53.   From in or about 1999, through in or about February
2005, in the Southern District of New York, the Central District of
California, and elsewhere, NELSON AUGUSTIN MARTINEZ COMANDARI, the
defendant, and others known and unknown, unlawfully, intentionally,
and knowingly did combine, conspire, confederate, and agree
together and with each other to violate the narcotics laws of the
United States.

54.   It was a part and an object of this conspiracy that
NELSON AUGUSTIN MARTINEZ COMANDARI, the defendant, and others known
and unknown, would and did distribute and possess with intent to
distribute a controlled substance, to wit, 50 grams and more of
mixtures and substances containing a detectable amount of cocaine
base, in a form commonly known as "crack," in violation of Title
21, United States Code, Sections 812, 841(a)(1), and 841(b)(1)(A).

55.   It was further a part and an object of this
conspiracy that NELSON AUGUSTIN MARTINEZ COMANDARI, the defendant,
and others known and unknown, would and did distribute and possess

with the intent to distribute a controlled substance, to wit, one kilogram and more of mixtures and substances containing a detectable amount of heroin, in violation of Title 21, United States Code, Sections 812, 841(a)(1), and 841(b)(1)(A).

56.   It was further a part and an object of this conspiracy that NELSON AUGUSTIN MARTINEZ COMANDARI, the defendant, and others known and unknown, would and did distribute and possess with the intent to distribute a controlled substance, to wit, five kilograms and more of mixtures and substances containing a detectable amount of cocaine, in violation of Title 21, United States Code, Sections 812, 841(a)(1), and 841(b)(1)(A).

57.   It was further a part and an object of this conspiracy that NELSON AUGUSTIN MARTINEZ COMANDARI, the defendant, and others known and unknown, would and did distribute and possess with the intent to distribute a controlled substance, to wit, 500 grams and more of mixtures and substances containing a detectable amount of methamphetamine, in violation of Title 21, United States Code, Sections 812, 841(a)(1), and 841(b)(1)(A).

(Title 21, United States Code, Section 846.)

## COUNT FOURTEEN

### (Conspiracy to Import Narcotics)

The United States Attorney further charges:

58.   From in or about 1999, through in or about February 2005, in the Southern District of New York, the Central District of

31

California, and elsewhere, NELSON AUGUSTIN MARTINEZ COMANDARI, the defendant, and others known and unknown, unlawfully, intentionally, and knowingly did combine, conspire, confederate, and agree together and with each other to violate, and did attempt to violate, the narcotics laws of the United States.

59.   It was a part and an object of the conspiracy that NELSON AUGUSTIN MARTINEZ COMANDARI, the defendant, and others known and unknown, would and did import into the United States from a place outside thereof, a controlled substance, to wit, one kilogram and more of mixtures and substances containing a detectable amount heroin, in violation of Sections 812, 952, and 960(a)(1) and (b)(1)(A) of Title 21, United States Code.

60.   It was further a part and an object of the conspiracy that NELSON AUGUSTIN MARTINEZ COMANDARI, the defendant, and others known and unknown, would and did import into the United States from a place outside thereof, a controlled substance, to wit, five kilograms and more of mixtures and substances containing a detectable amount cocaine, in violation of Sections 812, 952, and 960(a)(1) and (b)(1)(B) of Title 21, United States Code.

(Title 21, United States Code, Section 963.)

## RICO FORFEITURE ALLEGATION

### (As to Counts One and Two)

61.   The allegations contained in Counts One and Two of this Superseding Information are hereby repeated, realleged, and

incorporated by reference herein as though fully set forth at length for the purpose of alleging forfeiture pursuant to the provisions of Title 18, United States Code, Section 1963.  Pursuant to Rule 32.2, Fed. R. Crim. P., notice is hereby given to the defendant that the United States will seek forfeiture as part of any sentence in accordance with Title 18, United States Code, Section 1963 in the event of the defendant's conviction under Counts One and Two of this Superseding Information.

62.   NELSON AUGUSTIN MARTINEZ COMANDARI, the defendant,

a.   has acquired and maintained interests in violation of Title 18, United States Code, Section 1962, which interests are subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 1963(a)(1);

b.   has an interest in, security of, claims against, and property and contractual rights which afford a source of influence over the enterprise named and described herein which the defendant established, operated, controlled, conducted, and participated in the conduct of, in violation of Title 18, United States Code, Section 1962, which interests, securities, claims, and rights are subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 1963(a)(2); and,

c.   has property constituting and derived from proceeds obtained, directly, and indirectly, from the aforesaid racketeering activity, in violation of Title 18, United States

Code, Section 1962, which property is subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 1963(a)(3).

63.   The interests of the defendant subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 1963(a)(1) and (3), include but are not limited to:

a.   at least $ 3,150,000; and,

b.   all of that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, located at Lot No. 93, Thunderbird Lake, Arrowhead, California.

### Substitute Asset Provision

64.   If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

a.   cannot be located upon the exercise of due diligence;

b.   has been transferred or sold to, or deposited with, a third person;

c.   has been placed beyond the jurisdiction of the Court;

d.   has been substantially diminished in value; or

e.   has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code, Section 1963(m), to seek forfeiture of any other

property of defendant NELSON AUGUSTIN MARTINEZ COMANDARI up to the value of the above forfeitable property.

65.   The above-named defendant is liable for the forfeiture obligations as alleged above.

(Title 18, United States Code, Section 1963.)

## NARCOTICS FORFEITURE ALLEGATION

### (As to Counts Thirteen and Fourteen)

66.   As a result of committing the controlled substance offenses alleged in Counts Thirteen and Fourteen of this Superseding Information, NELSON AUGUSTIN MARTINEZ COMANDARI, the defendant, shall forfeit to the United States pursuant to Title 21, United States Code, Sections 853 and 970, any and all property constituting or derived from any proceeds said defendant obtained directly or indirectly as a result of said violations and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the violations alleged in this Superseding Information.

67.   If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

a.   cannot be located upon the exercise of due diligence;

b.   has been transferred or sold to, or deposited with, a third person;

35

        c.    has been placed beyond the jurisdiction of the Court;

        d.    has been substantially diminished in value; or

        e.    has been commingled with other property which cannot be subdivided without difficulty;

it is the intention of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

      (Title 21, United States Code, Sections 853 and 970.)

 

                                     *Michael J. Garcia*
                              MICHAEL J. GARCIA
                              United States Attorney

August 27, 2008 - The S1 Information is filed.

August 27, 2008 - The defendant Nelson Commandair
and his attorney Nancy Lee Ennis are present.
AUSAs Pablo Quinones and Elizabeth Carpenter
(CDCA) are present. Court Reporter Sonya Huggins
is present. See transcript. The defendant
waives the indictment and venue. The defendant pleads
guilty as charged (counts S One through S Fourteen)
The Court accepts the plea. The P.S.I.
is ordered. Sentence is scheduled for
September 6, 2010 at 9:00 10:00 a.m.